UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY R. COFFIN and
SUE COFFIN,

                                Plaintiffs,

                                                                                  Case #16-CV-6761-FPG

v.

                                                                                  ORDER TO SHOW CAUSE

DR. PEPPER SNAPPLE GROUP, INC.,

                                Defendant.

      Defendant Dr. Pepper Snapple Group, Inc., filed a Notice of Removal (ECF No. 1), purporting to remove this case from the Supreme Court of the State of New York, County of Seneca[1], and invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

      It is well settled that a federal district court is one "of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). As relevant here, Congress has granted federal district courts with original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

      Although neither party has questioned whether this Court has jurisdiction over this case, the Second Circuit and the Supreme Court have "noted the existence of an 'inflexible' rule that 'without exception' requires federal courts, on their own motion, to determine if jurisdiction is lacking." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (citation omitted). This is because, unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be rasied at any time by a party or by the court *sua sponte*." *Lyndonville Sav.*

---

[1]     The Notice of Removal filed by Defendants states that the action is being removed from the "Supreme Court of the State of New York, County of Kings to the United States District Court, Southern District of New York." ECF No. 1. These statements are clearly in error, as the attached Complaint demonstrates that the underlying action was filed in Seneca County, and the Notice of Removal was filed with this Court, and not the Southern District of New York.

*Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).  With those principles in mind, and after reviewing the Notice of Removal and the Complaint that were filed in state court, this Court cannot conclude that diversity jurisdiction has been demonstrated.

The Notice of Removal and the Complaint fail to demonstrate a "reasonable probability" that the amount in controversy exceeds $75,000.00.  *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).  Here, the Defendants' Notice of Removal recites that "upon information and belief, this amount in controversy herein allegedly exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs."  ECF No. 1, at ¶ 3(e).  Defendant provides no information in its Notice of Removal to explain or substantiate this contention.

The Complaint itself alleges that Plaintiff Jeffrey Coffin "slipped and fell on snow and ice" in Defendant's parking lot while walking around his tractor trailer, and as a result of the fall, Plaintiff "suffered severe personal injuries which caused him to seek medical care and treatment." ECF No. 1-2, at ¶¶ 5, 6, 11.  The Complaint further alleges that Plaintiff Jeffrey Coffin "incurred medical expenses, lost wages and pain and suffering."  ECF No. 1-2, at ¶ 12.  Plaintiff Sue Coffin is alleged to have "been deprived of [Plaintiff Jeffrey Coffin's] services, society, companionship and consortium."  ECF No. 1-2, at ¶ 16.  There are no factual details anywhere in the record to quantify these alleged damages, other than the statement that the losses suffered by Plaintiffs are in amounts "exceeding the jurisdictional limits of all lower courts."  ECF No. 1-2, at ¶¶ 14, 16.

The reference to "lower courts" is undoubtedly a reference to the lower courts of New York, which may not entertain actions seeking to recover amounts greater than $25,000.00.  Of course, there is a significant difference between $25,000.00 and $75,000.00, and without any further elaboration to demonstrate the amount in controversy exceeds $75,000.00, this Court cannot conclude that this Court has jurisdiction to hear the case.

It is the Defendants' burden, as the removing party, to demonstrate the existence of federal jurisdiction. *Mehlenbacher, 216 F.3d at 296.* As a result, the Defendants are hereby Ordered to Show Cause, in writing and before January 6, 2017, why this case should not be remanded to the Supreme Court of the State of New York, County of Seneca, for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: Rochester, New York
December 22, 2016

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court