UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFEREY R. COFFIN and SUE COFFIN,

                              Plaintiffs,

                                                    Case #16-CV-6761-FPG

v.

                                                    DECISION AND ORDER

DR. PEPPER SNAPPLE GROUP, INC.,

                              Defendant.

On January 15, 2015, while parked in a parking lot owned by Defendant Dr. Pepper Snapple Group, Inc., Plaintiff Jefferey R. Coffin injured his right shoulder and lower back after he slipped and fell while inspecting his truck. Jefferey and his wife, Plaintiff Sue Coffin, sued Defendant in the Supreme Court of the State of New York, County of Seneca, alleging that Defendant's negligence caused Jefferey's injuries. Defendant, citing the diversity jurisdiction of federal courts under 28 U.S.C. § 1332, removed the case to this Court. *See* ECF No. 1. The Court ordered Defendant to show cause why the case should not be remanded to the New York State Supreme Court for lack of subject matter jurisdiction. ECF No. 2. Defendant responded. *See* ECF No. 3. For the reasons that follow, the Court finds that Defendant has shown to a reasonable probability that the amount in controversy exceeds $75,000 and that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## DISCUSSION

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Judicial scrutiny is particularly important where, as here, the defendant has removed the case from state court.

*DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *2 (W.D.N.Y. July 11, 2011) (noting that "removal implicates both state court independence and the federal docket"); *see also Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *2 (E.D.N.Y. July 31, 2007). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)). Thus, with respect to the amount in controversy requirement under § 1332, the removing party must prove "to a reasonable probability" that the amount in controversy exceeds $75,000. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Uddin v. Mamdani*, No. 16CV4385, 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016).

Here, Defendant has met that burden. In response to the Order to Show Cause, Defendant's counsel submitted an attorney affirmation detailing Jefferey's injuries and the liens against any future judgment maintained by the Workers' Compensation insurance company for Jefferey's employer ("WCIC").[1] *See* ECF No. 3. Specifically, Defendant's counsel notes that Jefferey experienced pain in his right shoulder and right lower back. Treatments to both areas required a back brace, cane, walker, sling, immobilizer, over ten medications, an MRI, and additional procedures, including a bone graft. ECF No. 3 at 2, ¶ 6. Additionally, the WCIC currently maintains liens against any future judgment for $51,195.67 in medical payments and $47,149.88 in lost wages.[2] *See id.* at ¶ 7.

---

[1] Under New York Workers' Compensation Law § 29, Jefferey may simultaneously receive compensation and medical benefits from his employer's WCIC and sue Defendant for negligence that resulted in his injuries, which in turn led him to incur medical expenses and lost wages. *See Arena v. Crown Ashpalt Co.*, 292 740 N.Y.S.2d 472, 474-77 (3d Dep't 2002). The WCIC may file a lien against any future judgment to satisfy payments of medical expenses and lost wages to Jefferey. *See id.*

[2] Defendant's counsel uses the word "indemnity" in his affirmation. ECF No. 3 at 2, ¶ 7. It appears that "indemnity" is synonymous with "lost wages" in the Workers' Compensation context. *See* N.Y. Workers' Comp. Law §§ 15 & 325-2.3.

Even if the Court assumes that the WCIC has covered all of Jefferey's medical expenses, the sum of medical expenses and lost wages surpasses $75,000. Accordingly, the Court finds that Defendant has shown to a reasonable probability that the amount in controversy exceeds $75,000 and the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has shown to a reasonable probability that the amount in controversy exceeds $75,000 and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

IT IS SO ORDERED.

Dated: October 26, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court